UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD-CHRISTOPHER PITNER,

    Plaintiff,

v.                                                         Case No. 8:21-cv-410-TPB-SPF

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Claims" filed March 1, 2021. (Doc. 7). Plaintiff, *pro se*, filed a response in opposition on March 18, 2021. (Doc. 10). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

Plaintiff Todd Christopher Pitner was until recently a member of Defendant Costco Wholesale Corporation's membership club. On November 13, 2020, Plaintiff attempted to enter a Costco store, and a store employee requested that he don a mask before entering. Plaintiff refused, an altercation ensued, and Defendant cancelled Plaintiff's Costco membership days later. Plaintiff brings this suit

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

opposing both the cancellation of his membership and several COVID-19 safety protocols Defendant instituted, including requiring customers to wear masks and to maintain social distancing while in Costco stores.  While unclear from the complaint, Plaintiff appears to raise the following claims: (1) injunctive relief (Count I), (2) breach of contract (Count II), and (3) violation of the Florida Civil Rights Act ("FCRA") (Count III).  Defendant moves to dismiss Plaintiff's amended complaint. (Doc. 1-3).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id*. at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic*

*Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Shotgun Pleading*

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are

> responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's amended complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. 792 F.3d at 1322-23. Plaintiff's amended complaint also violates Federal Rule of Civil Procedure 10 because it does not consist of separately numbered paragraphs. *See* Fed. R. Civ. P. 10(b); *Muhammad v. Muhammad*, 654 F. App'x 455, 457 (11th Cir. 2016). In any amended complaint, Plaintiff should comply with the requirements of the Federal Rules of Civil Procedure.

*Count I*

Pleading injunctive relief as an independent cause of action is improper. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021). However, this does not preclude Plaintiff from seeking injunctive relief for any of his claims. To the extent Count I asserts a claim for injunctive relief as an independent cause of action, Count I is dismissed with prejudice, without leave to amend. But Plaintiff may, of course, seek an injunction if available as relief predicated on a valid cause of action.

To the extent that Plaintiff alleges a violation of § 456.065, *F.S.*, this statute does not provide for civil liability or a private cause of action. *See, e.g., Murthy v. N.*

*Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994); *Sorenson v. Prof'l Compounding Pharmacists of W. Pa., Inc.*, 191 So. 3d 929, 934 (Fla. 2d DCA 2016). The claim for relief under § 456.065, *F.S.* is therefore dismissed with prejudice, without leave to amend.

Other parts of Count I pose separate problems. Plaintiff appears to assert claims under the FCRA, false arrest, violation of internal store policies, trespass, and other torts. These allegations are vague, conclusory, and nearly incomprehensible. Count I constitutes a shotgun pleading and fails to state a claim. The remainder of Count I is therefore dismissed. In an abundance of caution, the Court will grant leave to amend as to the remainder of Count I.

*Count II*

Defendant seeks dismissal of Plaintiff's breach of contract claim in Count II, asserting that he has not and cannot state a plausible claim for relief. To plead a breach of contract claim, a plaintiff must allege: "(1) the existence of a valid contract; (2) breach of the contract; and (3) damages resulting from the breach." *APR Energy, LLC v. Pakistan Power Res., LLC*, 653 F. Supp. 2d 1227, 1242 (M.D. Fla. 2009). Moreover, plaintiffs should allege the provision that might have been breached. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

In this case, Plaintiff appears to allege that Defendant breached the membership agreement by terminating it without cause. However, the membership agreement appears to allow Defendant to terminate any membership at its discretion and without cause. In an abundance of caution, the Court will grant

leave to amend this claim.  If this claim is refiled, the Court notes that it may be ripe for early disposition through summary judgment based on legal interpretation of the written agreement.

*Count III*

Defendant moves to dismiss Count III, arguing among other things that Plaintiff failed to exhaust his administrative remedies.  As a prerequisite to bringing claims under the FCRA, a plaintiff must timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Relations ("FCHR").  *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1205 (11th Cir. 2007).  Moreover, a plaintiff may bring a FCRA claim to court "only after the [FCHR] determines there is reasonable cause to believe that unlawful discrimination occurred, or the charge remains unresolved for 180 days."  *Smith v. Cty. of Atlantic Beach*, Case No. 3:18-cv-1459-J-34MCR, 2020 WL 708145, at *6 (M.D. Fla. Feb. 12, 2020) (quoting *Sheridan v. State of Fla., Dep't of Health*, 182 So. 3d 787, 792 (Fla. 1st DCA 2016)).

Here, Plaintiff does not allege generally that he exhausted his administrative remedies or satisfied conditions precedent.  Instead, Plaintiff only asserts that he filed a complaint with the FCHR on December 13, 2020, and he has not indicated whether he has received a response.  This claim is dismissed, with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss Plaintiff's Claims" (Doc. 7) is hereby **GRANTED**.

(2) Count I is **DISMISSED WITH PREJUDICE**, without leave to amend, to the extent it asserts injunctive relief as a cause of action and claims under § 456.065, *F.S.*

(3) Count I is otherwise **DISMISSED WITHOUT PREJUDICE**, with leave to amend.  Counts II and III are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) Plaintiff is directed to file an amended complaint that corrects the deficiencies identified in this Order on or before September 16, 2021.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of August, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**