UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD-CHRISTOPHER PITNER,

    Plaintiff,

v.                                                                          Case No. 8:21-cv-410-TPB-SPF

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT"**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint," filed December 10, 2021. (Doc. 44). Plaintiff, *pro se*, filed a response in opposition on December 30, 2021. (Doc. 46). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

Plaintiff Todd Christopher Pitner was a member of Defendant Costco Wholesale Corporation's membership club. On November 13, 2020, Plaintiff attempted to enter a Costco store, and a store employee requested that he don a mask before entering. Plaintiff refused, an altercation ensued, and Defendant cancelled Plaintiff's Costco membership days later. Plaintiff brings this suit based

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

on Defendant's face mask requirement for customers while in Costco stores. In his third amended complaint, Plaintiff appears to raise claims for alleged violations of the Americans with Disabilities Act ("ADA") – disability discrimination and retaliation. Defendant seeks dismissal with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). More important than fitting neatly into these four roughly defined categories

is the reason these types of pleadings are so problematic: they all fail "to give the defendant[] adequate notice of the claims against [it] and the grounds upon which each claim rests."[2]  *Id.* at 1323.

Plaintiff's third amended complaint remains a shotgun pleading.  Count II reincorporates the allegations of Count I, committing the "mortal sin" described in prong one of *Weiland*.  Moreover, Plaintiff has been warned – on numerous occasions – to separate his claims into separate counts.  In Counts I and II, Plaintiff incorporates an affidavit that references several claims, including a breach of contract claim.  In Count II, Plaintiff appears to assert claims for ADA retaliation, interference, and discrimination.

A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).  "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson*, 898 F.3d at 1358 (11th

---

[2] The Eleventh Circuit has repeatedly condemned the filing of shotgun pleadings, stating that they
> exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their case to be heard. The court of appeals and the litigants appearing before them suffer as well.

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Cir. 2018) (internal quotations and citation omitted). Because Plaintiff has already been granted several opportunities to amend his claims and has failed to cure their deficiencies (Docs. 31; 37), the Court dismisses the third amended complaint with prejudice.[3] *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss Plaintiff's Claims" (Doc. 44) is hereby **GRANTED**.

(2) Plaintiff's third amended complaint (Doc. 42) is **DISMISSED WITH PREJUDICE**.

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of January, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court's ruling is based on the shotgun nature of the pleading, it declines to further address the other arguments raised by Defendant.